Kent Patrick EWING,
Petitioner-Appellee,

v.

George RODGERS, Warden, Federal Correctional Institute, Englewood, Colorado, Norman Carlson, Director, U.S. Bureau of Prisons, Victor M.S. Reyes, Commissioner, United States Parole Commission, William French Smith, Attorney General of United States, Respondents-Appellants.

Daniel G. BENEDICT,
Petitioner-Appellee,

v.

George RODGERS, Warden, Federal Correctional Institute, Englewood, Colorado, Norman Carlson, Director, U.S. Bureau of Prisons, Victor M.S. Reyes, Commissioner, United States Parole Commission, William French Smith, Attorney General of United States, Respondents-Appellants.

Nos. 86–1560, 86–1581.

United States Court of Appeals,
Tenth Circuit.

Aug. 19, 1987.

Rehearing Denied Sept. 11, 1987.

Daniel J. Sears, Denver, Colo., for petitioners-appellees.

Beneva Weintraub, Dept. of Justice (Robert N. Miller, U.S. Atty., Dist. of Colo., and Douglas W. Curless, Asst. U.S. Atty., with her on the brief), for respondents-appellants.

Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

This consolidated appeal arises from orders of the district court awarding attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), to petitioners-appellees following successful habeas corpus proceedings. Respondents-appellants contend that the award of attorney's fees to petitioners was improper because the EAJA does not contemplate such an award in a habeas action arising from criminal confinement. We agree and reverse and remand for the reasons set forth below.

Petitioners were incarcerated at the Federal Correctional Institution, in Englewood, Colorado, after being sentenced under certain provisions of the Youth Corrections Act (YCA), formerly 18 U.S.C. § 5005 *et seq.* They brought individual habeas petitions challenging parole release date decisions by the U.S. Parole Commission as contrary to the YCA under former 18 U.S.C. § 5010. Petitioners prevailed in the district court, *Ewing v. Rodgers,* 582 F.Supp. 1513 (D.Colo.1984), and on appeal, *Benedict v. Rodgers,* 748 F.2d 543 (10th Cir.1984).

In November 1984, petitioners sought to alter the judgment to include an award of attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A). In February 1986, the district court granted the motions to alter judgment and awarded attorney's fees at $125 per hour. The district court vigorously concluded that habeas actions were civil actions which came within the ambit of the EAJA. *Ewing v. Rodgers,* 627 F.Supp. 1366, 1367–68 (D.Colo.1986). The government appealed and the case was remanded to the district court on petitioners' motion for a determination of whether fees in excess of the statutory rate of $75 per hour were warranted. On remand, the district court determined that fees in excess of $75 were not warranted. These two cases were then consolidated on appeal.

As amended in 1985, 28 U.S.C. § 2412(d)(1)(A)[1] provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any cost awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justi-

---

1. In 1985, 28 U.S.C. § 2412(d)(1)(A) was amended to further define "civil action" as one "including proceedings for judicial review of agency action." Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99–80, § 2, 99 Stat. 183, 184 (1985). The amendment applies to cases pending on or commenced on or after August 5, 1985. *Id.* at § 7, 99 Stat. 186. Without discussion, cases within this circuit have applied the amendments to cases in which the merits had been concluded prior to the effective date of the amendments and the only matter pending was that of attorney's fees. *Wyoming Wildlife Federation v. United States,* 792 F.2d 981, 985 n. 1 (10th Cir.1986); *Fulton v. Heckler,* 784 F.2d 348, 349 (10th Cir.1986). This approach is consistent with the plain meaning of the effective date provisions contained in the amendments. *Center for Science in the Public Interest v. Regan,* 802 F.2d 518, 521–22 (D.C.Cir. 1986); *Russell v. National Mediation Board,* 775 F.2d 1284, 1285–86 (5th Cir.1985); *contra Blackmon v. United States,* 807 F.2d 70, 73–75 (6th Cir.1986). We apply the EAJA as amended in 1985, however, our conclusion would be the same regardless. The above amendment was to clarify rather than expand the Act. H.R. No. 120 pt. 1, 99th Cong., 1st Sess. 17, *reprinted in,* 1985 U.S.Code Cong. & Admin.News 132, 145.

fied or that special circumstances make an award unjust.

The threshold issue before the court is whether an action seeking a writ of habeas corpus from criminal confinement is a "civil action" within the meaning of § 2412. This inquiry also concerns whether habeas petitions are within the scope of the EAJA.

The EAJA does not provide a general definition of the term "civil action." [2] *See* 28 U.S.C. § 2412(d)(2)(A). In interpreting the coverage of the EAJA, we have stated that the EAJA is a waiver of sovereign immunity and must be construed strictly. *Vibra-Tech Engineers, Inc. v. United States,* 787 F.2d 1416, 1419 (10th Cir.1986). One circuit court has concluded that the failure to define the term "civil action" makes application of the statute ambiguous when traditional habeas corpus actions are involved. In *Boudin v. Thomas,* 732 F.2d 1107 (2d Cir.1984), the Second Circuit reviewed the classification problems attendant to habeas corpus proceedings and concluded that they were not "civil actions" within the scope of the EAJA, based on the legislative history and policy behind the EAJA. Though our reasons differ somewhat, we agree with the holding of the Second Circuit on this issue. *Id.* at 1112–1115.

The district court declined to follow *Boudin,* finding no ambiguity in the term "civil action" as applied to habeas corpus proceedings. Rather, the district court concluded that *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 269, 98 S.Ct. 556, 563, 54 L.Ed.2d 521 (1978), made it clear that habeas corpus actions were civil actions. *Ewing v. Rodgers,* 627 F.Supp. at 1367. In *Browder,* the Supreme Court considered whether Fed.R. Civ.P. 52(b) and 59 applied to habeas actions. In response to the petitioner's contention on appeal that the Federal Rules of Civil Procedure were "wholly inapplicable"

to habeas proceedings, the Supreme Court said:

We think that this is a mistaken assumption. It is well settled that habeas corpus is a civil proceeding. *Fisher v. Baker,* 203 U.S. 174, 181 [, 27 S.Ct. 135, 136, 51 L.Ed. 142] (1906); *Ex parte Tom Tong,* 108 U.S. 556 [, 2 S.Ct. 871, 27 L.Ed. 826] (1883); see *Heflin v. United States,* 358 U.S. 415, 418 n. 7 [, 79 S.Ct. 451, 453 n. 7, 3 L.Ed.2d 407] (1959). Perhaps in recognition of the differences between general civil litigation and habeas corpus proceedings, see *Harris v. Nelson,* 394 U.S. 286, 293–294, and n. 4 [, 89 S.Ct. 1082, 1087–1088, and n. 7, 22 L.Ed.2d 281] (1969), the Federal Rules of Civil Procedure apply in habeas proceedings only "to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." Fed.Rule Civ.Proc. 81(a)(2); see Fed.Rule Civ.Proc. 1.

*Browder,* 434 U.S. at 269, 98 S.Ct. at 563. The above passage does not mean that in all instances a habeas action is a civil action for there exist "differences between general civil litigation and habeas corpus proceedings." *Id.* It is these differences which suggest that for some purposes a habeas proceeding is not a "civil action," insofar as applying rules of procedure.

In *Browder* the Court held that Fed.R. Civ.P. 52(b) and 59, pertaining to motions for reconsideration, apply to habeas proceedings. The Court said:

Although some aspects of the Federal Rules of Civil Procedure may be inappropriate for habeas proceedings, see *Harris v. Nelson, supra; Preiser [v. Rodriguez,]* [411 U.S.] [475] at 495–496 [, 93 S.Ct. 1827, 1839, 36 L.Ed.2d 439,] the requirement of a prompt motion for reconsideration is well suited to the "special problems and character of such proceedings." *Harris v. Nelson, supra*

**2.** The EAJA was amended in 1985 to provide: "civil action brought by or against the United States" includes an appeal by a party, other than the United States, from a decision of a contracting officer rendered pursuant to a disputes clause in a contract with the Govern-

ment or pursuant to the Contract Disputes Act of 1978. 28 U.S.C. § 2412(d)(2)(E). For legislative history of this amendment see H.R.Rep. No. 120(I), 99th Cong., 1st Sess. 17, *reprinted in,* 1985 U.S. Code Cong. & Admin.News 132, 146.

[, 394 U.S.] at 296 [, 89 S.Ct. at 1089]. Application of the strict time limits of Rules 52(b) and 59 to motions for reconsideration of rulings on habeas corpus petitions, then, is thoroughly consistent with the spirit of the habeas corpus statutes.

*Browder*, 434 U.S. at 271, 98 S.Ct. at 564. Thus, whether a procedural rule applies to a habeas action depends upon whether application of that rule would be consistent with the statutes relating to habeas corpus. The awarding of attorney's fees and costs under the EAJA is the type of rule which must be considered against a backdrop of the applicable habeas statutes.

■ *Browder* in no way undermined the validity of other Supreme Court decisions which would indicate that habeas proceedings are not entirely civil. In *Harris v. Nelson*, 394 U.S. 286, 293–94, 89 S.Ct. 1082, 1087–88, 22 L.Ed.2d 281 (1969), the Court determined that Fed.R.Civ.P. 33, pertaining to interrogatories, did not apply to habeas actions. The Court observed:

> It is, of course, true that habeas corpus proceedings are characterized as "civil." See *e.g., Fisher v. Baker*, 203 U.S. 174, 181 [, 27 S.Ct. 135, 136, ·51 L.Ed. 142] (1906). But the label is gross and inexact. (footnote omitted). Essentially, the proceeding is unique. Habeas corpus practice in the federal courts has conformed with civil practice only in a general sense.

*Id.* Likewise, in *Schlanger v. Seamans*, 401 U.S. 487, 490 n. 4, 91 S.Ct. 995, 997 n. 4, 28 L.Ed.2d 251 (1971), the Court indicated that nationwide service of process for certain federal defendants under 28 U.S.C. § 1391(e) was not available in a habeas action. A court must look beyond the "civil" label because habeas actions "are not automatically subject to all the rules governing ordinary civil actions." *Id.* This is one reason that the term "civil action" as used in the EAJA is ambiguous when applied to habeas actions.[3] Awarding attorney's fees under fee shifting statutes is largely procedural and the procedure for habeas actions often differs from that available in an ordinary civil action. Finding ambiguity, we may look beyond the words of the statute in ascertaining its purpose. *Edwards v. Valdez*, 789 F.2d 1477, 1481 n. 7 (10th Cir.1986).

■ We agree with the Second Circuit in *Boudin* that the legislative history of the EAJA suggests that it was designed primarily to provide financial incentives for contesting unreasonable governmental action. *Boudin*, 732 F.2d 1112–14. The House Report indicated that the purpose of the EAJA was to improve citizen access to the courts and administrative proceedings by providing an award to a prevailing party. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, ·reprinted in, 1980 U.S.Code Cong. & Admin.News at 4953, 4984, 4991. In reenacting the EAJA, the House Report said:

> The purpose of the "Equal Access to Justice Act," as originally enacted in 1980, was to expand liability of the United States for attorneys' fees and other expenses in certain administrative proceedings and civil actions. The primary purpose of the Act was to ensure that certain individuals, partnerships, corporations, businesses, associations, or other organizations will not be deterred from seeking review of, or defending against, unjustified governmental action because

---

**3.** A statute may be ambiguous if its application leads to an irrational or absurd result. *In re George Rodman, Inc.*, 792 F.2d 125, 128 n. 8 (10th Cir.1986). If the EAJA applied to habeas actions challenging confinement based on a criminal judgment, the following situation would exist. Under the Criminal Justice Act, a habeas petitioner financially unable to obtain representation would be entitled only to discretionary appointment of counsel. 18 U.S.C. § 3006A(g). A habeas petitioner financially able to obtain representation (with a net worth of up to $2,000,000) could retain counsel and recover attorney's fees under the EAJA if he prevailed and the government's position was not substantially justified. 28 U.S.C. §§ 2412(d)(2)(B)(i), 2412(d)(1)(A). "If the EAJA were a means of providing government funded counsel in certain habeas cases, it would allow habeas petitioners who are ... millionaires—and thus can easily afford counsel—to recover attorney's fees." *Boudin*, 732 F.2d at 1113. It seems unlikely that the EAJA was enacted to provide affluent criminal defendants with an additional incentive to retain counsel in habeas proceedings.

of the expense involved in securing the vindication of their rights. The Act reduces the disparity in resources between individuals, small businesses, and other organizations with limited resources and the federal government.

H.R.Rep. No. 120(I), 99th Cong., 1st Sess. 4, *reprinted in*, 1985 U.S.Code Cong. & Admin.News 132, 133.

 The underlying assumption of the EAJA is that the cost of litigation is a barrier to contesting improper governmental action. While this might be true in ordinary civil litigation concerning governmental action, it should not be the case in habeas actions because counsel may be appointed for a habeas petitioner "when the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g) (Criminal Justice Act); *see also* 28 U.S.C. § 2241; 28 U.S.C. § 2254, R. 8(c); 28 U.S.C. § 2255, R. 8(c). Thus, the Criminal Justice Act encompasses representation for criminal defendants and habeas petitioners, a marked difference from general civil practice. The volume of habeas petitions processed in the federal courts together with the opportunity for court-appointed representation suggests that there is little, if any, economic deterrent in seeking review of the legality of criminal confinement. Moreover, pro se habeas petitions will be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam).

▮ The district court found fault with the *Boudin* decision to the extent that it suggested in part (B)(3), 732 F.2d at 1114–15, that habeas actions primarily vindicate individual rights rather than refining rules and policy, and that such is not within the scope of the EAJA. *Ewing v. Rodgers*, 627 F.Supp. at 1367–68. We, too, cannot agree with either proposition [4] and recognize that the statute makes no distinction between suits involving property or liberty interests. Our decision, however, does not turn on the public benefits which may be derived from habeas actions; rather we are convinced that habeas practice differs in material respects from general civil practice and that a habeas petition challenging confinement arising from a criminal judgment [5] is not a "civil action" insofar as the collateral and largely procedural endeavor of awarding attorney's fees under the EAJA. The cases are remanded to the district court with instructions to vacate the judgments awarding attorney's fees.

REVERSED AND REMANDED.

---

4. The court in *Boudin* also suggested that the absence of fee awards in analogous state custody proceedings indicated that the EAJA did not apply to habeas proceedings. 732 F.2d at 1114. This discussion appears to be in reference to potential recovery under 28 U.S.C. § 2412(b), rather than § 2412(d)(1)(A). Because the parties have appealed the applicability of the EAJA under the latter section, we do not address recovery under the former section.

5. The Ninth Circuit in *In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir.1985), determined that 28 U.S.C. § 2412 applied to a habeas action by an alien seeking admission to the United States. The case is distinguishable because it did not involve a custodial incentive for challenging government action and the petitioner, as a nonresident alien, was ineligible for appointed counsel. *Id.* at 1041.