940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
10,031.98 ACRES OF LAND, MORE OR LESS, SITUATE IN LAS ANIMAS
COUNTY, COLORADO, the Federal Land Bank of
Wichita, Defendants,
and
Sharp Ranch, Inc., et al. and Unknown Owners, Defendants-Appellants.
 No. 90-1293.
 United States Court of Appeals, Tenth Circuit.
 July 31, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The United States condemned over 10,000 acres of land owned by defendant Sharp Ranch, Inc. Defendant was dissatisfied with the appraisal and amount offered and forced litigation. The first trial resulted in a jury verdict of $2 million, which was closer to the amounts testified to by defendant's witnesses than to the value testified to by government appraisers. After that trial, the district court granted the United States' motion for a new trial, and at a second trial the jury awarded defendant $1,733,596, which was also above the government's evidence, but was closer to the government's evidence than the $2.5 million sought by defendant. This time defendant appealed the decision and this court reversed the district court's determination, remanding for a third trial. See United States v. 10,031.98 Acres of Land, 850 F.2d 634 (10th Cir.1988). At the third trial, the jury came in with $1,521,000, which was $176,000 more than the government's evidence but closer to the government's evidence than to the evidence offered by defendant. Defendant appealed and this court affirmed. United States v. 10,031.98 Acres of Land, No. 88-2615 (10th Cir. Feb. 23, 1990). Thereafter final judgment was entered by the district court on August 9, 1990.
 
 
 3
 The only issue in the current appeal is the district court's denial of defendant's request for attorney's fees under 28 U.S.C. Sec. 2412, part of the Equal Access to Justice Act. At the time the first condemnation was commenced in 1983, that act contained no precise definition of "prevailing party" for purposes of fee entitlement. In the 1985 amendments prevailing party was defined as
 
 
 4
 a party who obtains a final judgment (other than by settlement), exclusive of interest, the amount of which is at least as close to the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government.
 
 
 5
 28 U.S.C. Sec. 2412(d)(2)(H). The district court ruled that the judgment became final when we issued our mandate on April 5, 1990, after affirming the district court's judgment entered after the third trial. Defendant argues that we should apply the 1983 version of the law because "[t]o hold otherwise would require a retrospective application of amendments to the statute that occurred subsequent to the filing of the case." Brief of Appellant at 8. It argues that the amended statute did not take away a right for damages that had already accrued, and it argues that its right to attorney's fees had accrued. We do not agree.
 
 
 6
 Section 7(a) of the 1985 act provides explicitly as follows: "IN GENERAL--except as otherwise provided in this section, the amendments made by this Act ... shall apply to cases pending or commenced on or after the date of the enactment of this Act." 5 U.S.C. Sec. 504 note (emphasis added). We cannot ignore this explicit determination by Congress that the amendment should apply to pending cases. Further, in Ewing v. Rodgers, 826 F.2d 967 (10th Cir.1987), we applied this statute to a case in which the merits had been resolved by the amendment date and only fees and costs remained. See id. at 968 n. 1. In the instant case the merits had not been determined at the date of the amendment because of the retrial. Thus it follows, a fortiori, that we must apply the definition in the amended statute. Because the jury's award as ultimately upheld was closer to the highest amount testified to by the government's appraisers than to that of the defendant's, defendant was not a prevailing party entitled to attorney's fees.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3