982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. RESER, Defendant-Appellant.
 No. 92-3205.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Richard L. Reser was convicted on six federal offenses including and in connection with drug trafficking. Following a direct appeal of his conviction, which was affirmed by this court, United States v. Reser, No. 90-3001 (10th Cir. filed Oct. 4, 1990) (Order and Judgment), Reser filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He now appeals the district court's denial of that federal habeas corpus motion.
 
 
 3
 This court construes Reser's pro se motion for habeas relief liberally, as required by Haines v. Kerner, 404 U.S. 519 (1972), see Ewing v. Rodgers, 826 F.2d 967, 971 (10th Cir.1987). "Review in a section 2255 habeas action entails a two-step inquiry: (1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing." United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir.1992) (citing United States v. Estrada, 849 F.2d 1304, 1305 (10th Cir.1988), and United States v. Barboa, 777 F.2d 1420, 1422 (10th Cir.1985)).
 
 
 4
 On appeal, Reser argues two points. First, he contends that the district court erred in rejecting his argument that his conviction is invalid because the Attorney General failed to follow required procedures in reclassifying methamphetamine from a Schedule III to a Schedule II controlled substance. He correctly notes that United States v. Zamora, 784 F.2d 1025 (10th Cir.1986), a case cited by the district court, did not address this issue because it was not raised in that case. Id. at 1030. Nonetheless, the remaining ten cases relied on by the district court did address and reject the claim that methamphetamine was improperly transferred to Schedule II. Reser contends that none of these cases addresses "this specific issue." His brief on appeal says only that "the Attorney General did not follow the congressionally mandated procedure when on July 7, 1971, he transferred methamphetamine from Schedule III to Schedule II." However, his eighty-page brief before the district court generally discusses a number of theories by which the Attorney General may be found to have improperly reclassified methamphetamine. We agree with the district court that all of these arguments were addressed and rejected in several previous cases, those cases on which the district court relied in its ruling against Reser. See, e.g., United States v. Durham, 941 F.2d 886, 889 (9th Cir.1991) ("It is no longer an open question whether methamphetamine has properly been designated a Schedule II controlled substance."). Accordingly, we conclude the district court correctly ruled on this issue.
 
 
 5
 Second, Reser argues that the district court's summary ruling on the issues presented in his pro se habeas motion was error because the court did not order the United States Attorney to respond nor did it hold an evidentiary hearing. Rule 4(b) of the Rules Governing Section 2255 Proceedings specifically allows the district court to summarily dispose of a defendant's § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." The district court's order indicated a careful and thorough review of Reser's motion, and clearly set forth its reasoning, together with accompanying authority, for rejecting each of Reser's claims. Following our review of the record on appeal, we cannot say the district court abused its discretion in this case.
 
 
 6
 In his reply brief, Reser raises an argument not raised in his initial brief on appeal. He contends that 21 C.F.R. § 1308.22 is ambiguous, resulting in a denial of due process. We will not ordinarily consider issues argued for the first time in a reply brief, see Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992) (due process argument not fleshed out until reply brief not considered), and decline to do so here.
 
 
 7
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3