**Filed 5/23/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

OSCAR TUCKER,

    Plaintiff - Appellant,

    v.

ANTHONY BELASKI, Former
Custodian/Warden; W. H. SEIFERT,
Warden, Immediate Custodian; UNITED
STATES PAROLE COMMISSION,

    Defendants - Appellees.

No. 95-1500

D. Colorado

(D.C. No. 94-Z-1000)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oscar Tucker, appearing pro se, brought this action against a former custodian and warden of the Federal Correctional Institution ("FCI") in Englewood, Colorado, a present custodian and warden of the Metropolitan Detention Center ("MDC") in Los Angeles, California, and the United States Parole Commission ("USPC"). The district court dismissed his complaint without prejudice, for failure to comply with Fed. R. Civ. P. 8. In this appeal, Tucker contends that the court erred in concluding that his amended complaint failed to contain a short and plain statement of claim showing his entitlement to relief. We affirm.

The decision to dismiss an action without prejudice for failure to comply with Rule 8 is within the sound discretion of the trial court, which we review for abuse. See Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969).

While Tucker's brief to us is more clearly stated and better organized than his pleadings below, the issue on appeal is whether the amended complaint complies with Rule 8 which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] We conclude that

_____

[1]Of course, Tucker's pleadings must be liberally construed in light of his pro se status. Haines v. Kerner, 404 U.S. 519, 520 (1972). As the district court order indicates, both the magistrate judge and the district court applied a liberal construction:

No matter how liberally the Magistrate Judge construed the complaint and all other papers filed by plaintiff, it was impossible for him

(continued...)

the district court did not abuse its discretion in determining that the amended complaint failed to comply with Rule 8.

Furthermore, even if we were to find that the amended complaint did sufficiently comply with Rule 8, Tucker's claims would still be barred by the applicable statutes of limitations. Thus, Tucker's action, as more clearly described in his appellate brief, involves claims arising from a 1989 parole revocation and his ensuing incarceration in the FCI on a sentence initially set at four months. In 1990, after numerous summary extensions of his release, Tucker brought a petition for a writ of habeas corpus, combined with a claim for damages. At that time, the district court ordered the USPC to hold a hearing within twenty days as provided in 28 C.F.R. § 2.28(a), with the further order that if the USPC failed to hold such a hearing, absent good cause, the petition for release would be granted.[2] At the same time, the district court dismissed Tucker's claims for

_____

[1](...continued)
to find a claim for which relief would be proper. The Court after reading the objections also attempted to read the entire file as liberally as possible to understand what claims plaintiff is asserting, but cannot conclude that any claim has been asserted for which relief could be granted. The Magistrate Judge is not saying that he does not believe plaintiff's allegations but instead that he does not know what the claim is. This Court cannot determine what plaintiff's claims are because plaintiff has failed to comply with [the requirement of] Fed. R. Civ. P. 8 [to] provide a short and plain statement of the claim . . . .

R. Vol. I, Tab 42 at 2.

[2]Tucker's brief attaches a full copy of the magistrate judge's recommendation which issued in that 1990 habeas action, and which included findings that the USPC had
(continued...)

- 3 -

money damages without prejudice.  See R. Vol. I, Tab 7 (at Order dated May 6, 1991).

Tucker was subsequently released on July 9, 1991.

Tucker filed this action on April 28, 1994.[3]  As stated in his brief to us, Tucker

now claims that 1) Belaski and others at the FCI violated his constitutional equal

protection and due process rights, and the Privacy Act, 5 U.S.C. § 552a, by maintaining

certain false and damaging information in his file; 2) the USPC violated his due process

rights by failing to hold required hearings; and 3) the defendants acted with a racially

discriminatory animus.[4]  See Appellant's Br. at Attachs. 2, 1.  However, Tucker knew or

should have known of the matters he now complains of in 1991, when his habeas action

was completed, or, at the very latest, when he was released.

In his appeal brief, Tucker purports to bring his action under the authority of the

Privacy Act, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403

---

[2](...continued)
violated its regulations and procedures respecting Tucker.

[3]Prior to bringing this action, Tucker filed a claim requesting relief under the
Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  R. Vol. I, Tab 44, Attach.
According to his brief, that claim was denied on or about October 14, 1993.  Appellant's
Br., Attach. 1 at 2.

[4]Although Tucker's amended complaint also includes claims for injunctive relief
respecting a current confinement that resulted from a 1994 parole revocation, he has
apparently abandoned those claims on appeal.  In any event, as both the magistrate judge
and the district court correctly noted, in order to challenge his present confinement,
Tucker would have to bring a petition for a writ of habeas corpus in the jurisdiction where
his current custodian can be served.  See R. Vol. I, Tab 38 at 4-5; id., Tab 42 at 3.

U.S. 388 (1971), and 42 U.S.C. §§ 1981, 1985.[5]  For each cause of action, the statute of limitations is two years.  5 U.S.C. § 552a(g)(5) (establishing two year limitations period for actions under Privacy Act); Colo. Rev. Stat. Ann § 13-80-102(1)(I) (establishing a two year limitations period for personal injury actions); Industrial Constructor's Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994) (applying the state statute of limitations for personal injury to Bivens claim); Scheerer v. Rose State College, 950 F.2d 661, 664 (10th Cir. 1991) (same as to claims under 42 U.S.C. § 1981), cert. denied, 505 U.S. 1205 (1992); Merrigan v. Affiliated Bankshares of Colo., Inc., 775 F. Supp. 1408, 1411-12 (D. Colo. 1991) (same as to claims under 42 U.S.C. § 1985), aff'd on other grounds, 956 F.2d 278 (10th Cir.) (Table), cert. denied, 506 U.S. 823 (1992).

Therefore, regardless of their possible merit, Tucker's action, which was brought more than two years after his claims accrued, is barred.[6]

_____

[5]Tucker also refers to criminal statutes, which would not apply in this civil action.

[6]The magistrate judge's recommendation in this matter also found the action barred by the statute of limitations.  R. Vol. I, Tab 38 at 5.  In his objection to that recommendation, Tucker argued that the statute of limitations was tolled while his federal tort claim was being processed.  Id., Tab 39 at 4.  However, the filing of a federal tort claim is not a prerequisite to a Bivens suit for money damages.  See Uhl v. Swanstrom, 876 F. Supp. 1545 (N.D. Iowa 1995) (finding as to § 1983 suit), aff'd on other grounds, 79 F.3d 751 (8th Cir. 1996); cf. McCarthy v. Madigan, 503 U.S. 140, 149 (1992) (holding that prisoner was not required to exhaust administrative remedies before bringing Bivens suit).  Therefore, the pursuit of remedies under the FTCA would not toll the statute of limitations for this action.  Moreover, even if this action were construed under the FTCA, it would still be untimely.  As provided in 28 U.S.C. § 2401(b), any tort claim against the United States must be brought within two years after it accrues, or within six months after "final denial of the claim by the agency to which it was presented."  As noted, supra, note

(continued...)

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[6](...continued)
4, Tucker's tort claim was denied "on or about October 14, 1993." Tucker did not file this action until April 28, 1994, which is more than six months later.