**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LLOYD D. SLOAN,

       Petitioner-Appellant,

v.

MICHAEL V. PUGH; UNITED STATES
PAROLE COMMISSION,

       Respondents-Appellees.

No. 03-1164

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 00-N-67)**

---

Submitted on the Briefs:[*]

Gary Peterson, Oklahoma City, Oklahoma, for the petitioner-appellant.

John W. Suthers, United States Attorney, and John M. Hutchins, Assistant United States Attorney, Denver, Colorado, for the respondents-appellees.

---

Before **EBEL**, **BRISCOE** and **TYMKOVICH,** Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Lloyd Sloan, a federal prisoner who prevailed in district court on his claim for habeas relief pursuant to 28 U.S.C. § 2241, appeals the district court's denial of his motion for attorney fees and costs pursuant to the Equal Access to Justice Act and the Hyde Amendment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

At all times relevant to this proceeding, Sloan was a federal prisoner serving three separate federal sentences handed down by the United States District Court for the Western District of Oklahoma: one for kidnaping, one for escape, and one for interfering with an officer. On January 12, 2000, Sloan, represented by retained counsel, filed his § 2241 habeas petition. The gist of Sloan's petition was that in "the mid to late 1990's, Bureau of Prisons officials . . . decided to revise the[ir] computation of [his] first two sentences, to [his] disadvantage and in a manner flatly inconsistent with the Bureau's 1987 computation." App. at 8. More specifically, Sloan alleged that the "Bureau's revised computation of [his] first two prison sentences unlawfully extended the term [of] those sentences by 4 months and 7 days, in violation of the Constitution and laws of the United States." Id. at 10. Sloan alleged that the Bureau's mistake impacted the date he would be released from confinement (sometime in 2000) and the date his term of supervised release would end (sometime in 2005).

The assigned magistrate judge agreed that the Bureau had miscalculated Sloan's sentence as well as the ending dates for his confinement and supervised release and

recommended that Sloan's petition be granted. In adopting the magistrate's recommendation and granting habeas relief, the district court criticized the respondents' arguments in support of their computation and in opposition to Sloan's petition as a "flagrant specimen of bureaucratic double-speak" and "a tortured and legally-untenable view of the BOP's internal policy statements." Id. at 153, 154.

Following entry of final judgment, Sloan filed a motion for attorney fees and costs. Sloan cited "two alternative statutory provisions": the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and the "Hyde Amendment" of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Public Law 105-119, Title VI, § 617, 111 Stat. 2440, 2519 (1997). Id. at 162-65. The district court denied Sloan's motion, citing this court's decision in Ewing v. Rodgers, 826 F.2d 967 (10th Cir. 1987).

II.

On appeal, Sloan contends he is statutorily entitled to an award of fees and expenses. More specifically, he contends that his habeas action must either qualify as a "civil action" and thereby entitle him to fees and expenses under the EAJA, or it must qualify as a "criminal case" and thereby make him eligible for fees and expenses pursuant to the Hyde Amendment. Because Sloan's arguments hinge on the interpretation of the EAJA and the Hyde Amendment, we review them de novo. See United States v. Davis, 339 F.3d 1223, 1226 (10th Cir. 2003).

3

*Applicability of EAJA*

The EAJA contains two pertinent provisions regarding the award of attorney fees and expenses. The first provision generally authorizes a court, "[u]nless expressly prohibited by statute," to award fees and expenses "to the prevailing party in any civil action brought by or against the United States or any agency or any official [thereof] acting in his or her official capacity." 28 U.S.C. § 2412(b). The second provision requires a court to

> award to a prevailing party other than the United States fees and other expenses . . . in any civil action (other than cases sounding in tort), including proceedings for judicial review of an agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In Ewing, we dealt with two consolidated appeals similar to the case at hand. In those appeals, the petitioners, both federal prisoners, had filed successful federal habeas actions challenging parole release date decisions by the United States Parole Commission. Both petitioners had also sought and been awarded fees and expenses pursuant to § 2412(d)(1)(A) of the EAJA. In the appeals by the government, we addressed two related issues: (1) "whether an action seeking a writ of habeas corpus from criminal confinement is a 'civil action' within the meaning of § 2412," and (2) "whether habeas petitions are within the scope of the EAJA." 826 F.2d at 969.

We began by noting that "[t]he EAJA does not provide a general definition of the

term 'civil action,'" and that, accordingly, the term must be "construed strictly" since the EAJA operates as "a waiver of sovereign immunity." Id. Continuing, we acknowledged that in Browder v. Director, Illinois Department of Corrections, 434 U.S. 257, 269 (1978), the Supreme Court characterized "habeas corpus [a]s a civil proceeding." We noted, however, that Browder recognized there were "'differences between general civil litigation and habeas corpus proceedings.'" 826 F.2d at 969 (quoting 434 U.S. at 269). Such differences, we concluded, "suggest[ed] that for some purposes a habeas corpus proceeding is not a 'civil action,' insofar as applying rules of procedure." Id. More specifically, we concluded, "whether a procedural rule applies to a habeas action depends upon whether application of that rule would be consistent with the statutes relating to habeas corpus." Id. at 970. Thus, we concluded, "[t]he awarding of . . . fees and costs under the EAJA is the type of rule which must be considered against a backdrop of the applicable habeas statutes." Id.

We also noted that "Browder in no way undermined the validity of other Supreme Court decisions which indicate that habeas proceedings are not entirely civil." Id. In particular, we cited Harris v. Nelson, 394 U.S. 286, 293-94 (1969) (concluding Fed. R. Civ. P. 33 did not apply to habeas proceedings), where the Supreme Court agreed that habeas proceedings were generally labeled as "civil," but emphasized that the label was "'gross and inexact,'" and that habeas proceedings were "'[e]ssentially . . . unique.'" 826 F.2d at 970 (quoting 394 U.S. at 293-94). Similarly, we cited Schlanger v. Seamans, 401

5

U.S. 487, 490 n.4 (1971), where the Supreme Court emphasized that courts "must look beyond the 'civil' label because habeas actions 'are not automatically subject to all the rules governing ordinary civil actions.'" Id. at 970 (quoting 401 U.S. at 490 n.4).

In light of this precedent, we concluded "that the term 'civil action' as used in the EAJA is ambiguous when applied to habeas actions." Id. at 970. Looking beyond the words of the EAJA to its legislative history, we noted that such history "suggest[ed] [the EAJA] was designed primarily to provide financial incentives for contesting unreasonable governmental action." Id. We further noted that "[t]he underlying assumption of the EAJA is that the cost of litigation is a barrier to contesting improper governmental action." Id. at 971. Contrasting this legislative history with the nature of habeas proceedings, we noted that "[t]he volume of habeas petitions processed in the federal courts together with the opportunity [under the Criminal Justice Act] for court-appointed representation suggests that there is little, if any, economic deterrent in seeking review of the legality of criminal confinement." Id. Further, we noted that pro se habeas petitions were "held to less stringent standards than formal pleadings drafted by lawyers." Id. (internal quotations omitted). Ultimately, we concluded "that habeas practice differs in material respects from general civil practice and that a habeas petition challenging confinement arising from a criminal judgment is not a 'civil action' insofar as the collateral and largely procedural endeavor of awarding attorney's fees under the EAJA." Id.

6

Obviously, Ewing is binding on this panel absent en banc reconsideration or a superseding contrary decision by the Supreme Court.  See Wilkes v. Wyoming Dept. of Employment, 314 F.3d 501, 505 (10th Cir. 2003).  Because there are no superseding contrary decisions by the Supreme Court, see Houston v. Lack, 487 U.S. 266, 266 (1988) (continuing to generally classify habeas proceedings as "civil actions"), the only avenue available to Sloan is to seek en banc review.

*Applicability of Hyde Amendment*

The "Hyde Amendment" states that:

> in any ***criminal case*** . . . [the court] may award a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith . . . .  Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under [the EAJA].

Pub. Law. 105-119, 111 Stat. 2440, 2519 (emphasis added).

In asserting his entitlement to fees under the Hyde Amendment, Sloan cites no cases holding that habeas proceedings qualify as "criminal cases."  Instead, his sole argument is that if a habeas proceeding is not a "civil action" under the EAJA (as this court held in Ewing), then it must necessary qualify as a "criminal case" under the Hyde Amendment.  This reasoning is not persuasive.  Not only does it ignore the unique nature of habeas proceedings, it wrongly assumes that together the EAJA and the Hyde Amendment encompass all types of federal court proceedings in which the United States is a party and that, accordingly, any such case must fall within either the scope of the

7

EAJA or the Hyde Amendment.  To the contrary, we conclude that habeas proceedings are "unique" or "hybrid" types of cases that fall within the scope of neither the EAJA nor the Hyde Amendment.  Cf. Harris, 394 U.S. at 294 (characterizing habeas proceeding as "unique"); United States v. Johnston, 258 F.3d 361, 365 (5th Cir. 2001) (stating "that a § 2255 motion is a hybrid, with characteristics indicative of both civil and criminal proceedings"); Parrott v. Gov't of the Virgin Islands, 230 F.3d 615, 620 n.7 (3d Cir. 2000) ("Admittedly, habeas corpus proceedings are hybrid ones"); United States v. Jones, 215 F.3d 467, 468 (4th Cir. 2000) (noting "that habeas actions are a unique hybrid of civil and criminal").

AFFIRMED.