**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 9, 2006**

**TENTH CIRCUIT**

GENE ALLEN,

        Petitioner-Appellant,

v.

STATE OF COLORADO, County of
Brighton and County of Adams, real
party in interest; COLORADO
ATTORNEY GENERAL,

        Respondents-Appellees.

No. 06-1249

(D.C. No. 06-CV-569-ZLW)

(D. Colo.)

**ORDER**

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

This is a *pro se* § 2254 appeal. The magistrate judge rejected the
Petitioner's initial filing because it failed to comply with Fed. R. Civ. P. 8
requirements, did not appear to have exhausted state court remedies, and likely
was time-barred under 28 U.S.C. § 2244(d). Petitioner was instructed to file an
amended application that addressed these latter two concerns and more clearly
explained his allegations. The magistrate judge requested that Petitioner explain
why he had referenced two separate conviction dates, spaced some seven years
apart. The magistrate judge also asked that Petitioner explain why he had filed a
§ 2255 action with the United States District Court for the District of Columbia
that allegedly related to the Colorado state criminal case he was challenging in

the instant action.

The district court dismissed Petitioner's application pursuant to Fed. R. Civ. P. 8 after reviewing the amended application because "[t]he burden [Petitioner] places upon the Court to identify, interpret, and respond to his specific claims is unreasonable." Order and Judgment of Dismissal at 3, No. 06-CV-00569-BNB (D. Colo. May 24, 2006).

We review the district court's dismissal without prejudice for an abuse of discretion. *Tucker v. Belaski*, 86 F.3d 1167 (table), 1996 WL 273891, at *1 (10th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the petitioner is entitled to relief.[1] *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although the requirements at this stage are *de minimus*, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), and we must liberally construe Petitioner's pleadings because he is proceeding *pro se*, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we should not act as Petitioner's advocate, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." *See also Sloan v. Pugh*, 351 F.3d 1319, 1322 (10th Cir. 2003); Fed. R. Civ. P. 81(a)(2). Although Rule 2 of the Rules Governing Section 2254 Cases does address to some extent what a habeas petitioner should include in his § 2254 petition, that Rule is not inconsistent with Fed. R. Civ. P. 8(a)'s requirement of "a short and plain statement" of the petitioner's claim.

After reviewing Petitioner's original and amended applications for habeas relief, Petitioner's brief, and the record on appeal, we agree with the district court that Petitioner has failed adequately to explain the basis for his application or to address the concerns raised by the magistrate judge. For substantially the same reasons set forth by the magistrate judge and reiterated by the district court, we conclude dismissal of Petitioner's habeas application under Fed. R. Civ. P. 8 was not an abuse of discretion.

Petitioner's application for a certificate of appealability ("COA") was also referred to the panel for decision. In order for this court to grant a COA, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We agree with the district court that Petitioner has made no such showing, since Petitioner's claims of Fifth, Sixth, and Fourteenth Amendment violations are devoid of supporting allegations. In addition, Petitioner needs to attack such constitutional infirmities at the state court first, which the district court was not able to discern he had done.

Accordingly, we **DENY** the certificate of appealability, **AFFIRM** the dismissal without prejudice, but **GRANT** *in forma pauperis* status.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-