**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GENE ALLEN,

          Petitioner-Appellant,

v.

JOHN SUTHERS, The Attorney
General of the State of Colorado,

          Respondent-Appellee.

No. 08-1245

District of Colorado

(D.C. No. 1:08-CV-00714-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

      Gene Allen, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Allen has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

      On April 8, 2008, Mr. Allen filed a pleading in federal district court in

Colorado, denominated a petition for writ of coram nobis, challenging his

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

conviction in Colorado state court in Criminal Case No. 1993-CR-001593. The Magistrate Judge construed this pleading as a petition under 28 U.S.C. § 2254 and instructed Mr. Allen to file an amended application in compliance with Rule 8 of the Federal Rules of Civil Procedure. The Magistrate Judge also noted that Mr. Allen appeared not to have exhausted his claims in state court, as required by 28 U.S.C. § 2254(b)(1), that the petition also appeared to be barred by the one-year statute of limitation set forth in 28 U.S.C. § 2244(d), and that the petition did not name as defendant the custodian of the facility in which Mr. Allen is incarcerated. The Magistrate Judge instructed Mr. Allen to address these legal issues in his amended application.

In response, Mr. Allen filed an amended application on an approved application form, which the Magistrate Judge concluded was also out of compliance. The Magistrate Judge gave him "one last opportunity" to file a proper application. Instead, Mr. Allen filed a second amended application that continued to exhibit the deficiencies noted above. The district court dismissed the application without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases.

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order

to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We have reviewed Mr. Allen's second amended application and agree with the district court. As the district court found, Mr. Allen's responses to the questions on the court-approved form are "either nonresponsive, contradictory, or unintelligible." No reasonable jurist would find otherwise or regard the matter as debatable.

## Conclusion

Accordingly, we **DENY** Mr. Allen's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge