FILED
United States Court of Appeals
Tenth Circuit

January 11, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GENE ALLEN,

        Petitioner - Appellant,

    v.

PEOPLE OF THE STATE OF
COLORADO,

        Respondent - Appellee.

No. 09-1413
(D. Colorado)
(D.C. No. 1:09-CV-01350-ZLW)

---

**ORDER**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

On June 10, 2009, *pro se* petitioner Gene Allen filed a pleading styled,

"Motion to Modify an Illegal Sentence," with the United States District Court for

the District of Colorado. The district court construed the pleading as an

application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court

entered an order directing Allen to file his claims on a court-approved form. He

was also instructed to either pay the filing fee or file a motion for leave to

proceed *in forma pauperis*. Allen was warned that the action would be dismissed

if he failed to cure the deficiencies within thirty days. Allen filed the *in forma*

*pauperis* motion but did not submit his claims on a court-approved form.

Accordingly, the district court dismissed the action without prejudice for failure to cure all deficiencies. Allen then filed a motion pursuant to Rule 59(e), seeking reconsideration of the court's dismissal. The motion was denied on August 7, 2009.

Allen filed a notice of appeal which was received by the court on September 14, 2009. Because the notice of appeal was untimely, this court ordered Allen to show cause as to why his appeal should not be dismissed for lack of jurisdiction. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) (holding a *pro se* prisoner seeking to take advantage of the prison mailbox rule set out in Fed. R. App. 4(c)(1) must submit either a "declaration in compliance with 28 U.S.C. § 1746" or a "notarized statement," and such declaration or statement must "state that first-class postage has been prepaid"). Allen failed to respond to this court's order or file a declaration that complied with the requirements of Rule 4(c)(1). Accordingly, we conclude the prison mailbox rule does not apply and we lack jurisdiction over Allen's untimely appeal.

Even if Allen had successfully proven that his notice of appeal was timely, we note that this § 2254 application is not the first § 2254 application Allen has filed relating to his Colorado conviction in Criminal Case No. 1993-CR-001593. *See*, *e.g.*, *Allen v. Colorado*, 205 F. App'x 675 (10th Cir. 2006); *Allen v. Suthers*, No. 08-1245 (10th Cir. Oct. 30, 2008) (unpublished order denying certificate of

appealability); *see also In re Allen*, No. 08-1021 (10th Cir. Feb. 29, 2008) (unpublished order denying Allen authorization to file a second or successive § 2254 habeas petition); *In re Allen*, No. 08-1464 (10th Cir. Dec. 9, 2008) (same). Thus, the instant § 2254 habeas petition, which also raises challenges to Criminal Case No. 1993-CR-001593, is yet another unauthorized second or successive petition and the district court should have dismissed it for lack of jurisdiction. 28 U.S.C. § 2244(b)(3)(A); *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Allen's appeal is **dismissed**. His motion to proceed *in forma pauperis* on appeal is **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge