**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CURTIS L. LAWSON,

Defendant-Appellant.

No. 96-5112
(D.C. No. 91-CR-86-E)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Curtis L. Lawson, proceeding pro se, appeals from an order of the district court extending and modifying the conditions of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In 1991, appellant was convicted of making a false statement on a bank loan application in violation of 18 U.S.C. § 1014 and using a false social security number in violation of 42 U.S.C. § 408(a)(7)(B). He was sentenced to fifteen months' imprisonment and a three-year term of supervised release, and was ordered to pay restitution in the amount of $34,000.

Appellant completed his prison sentence in 1993 and began supervised release. Among the conditions of his supervision were the standard condition requiring the monthly submission of truthful written reports, and a requirement that he pay the ordered restitution. See R., Vol III, ex. A. The required monthly reports sought information about appellant's employment, his monthly income and expenses, and the balances in his bank accounts. See id., ex. B.

In December of 1995, a petition was filed in the district court, alleging, among other things, that appellant had violated the reporting condition and that he had failed to make a restitution payment since February of 1995. Following a revocation hearing, the district court found appellant in violation of the reporting condition and, as a result, extended his term of supervised release for a period of

two years. The standard conditions of supervision were imposed again, together with certain modifications, including again the requirement that defendant pay the remaining restitution.

On appeal, appellant contends that (1) the district court's revocation proceeding denied him due process, (2) the district court lacked the authority to extend his term of supervised release and require payment of the remaining restitution, and (3) the district court was biased against him.

Appellant first argues that the district court abused its discretion and denied him due process by granting "excessive continuances" during the course of the revocation proceeding. Appellant's Br. at 7. The petition seeking revocation of appellant's supervised release was filed on December 5, 1995. On that same date, a summons was issued, setting an initial hearing date of January 11, 1996. The revocation proceeding was finally concluded on April 19, 1996, when appellant was sentenced for violation of his supervised release. A review of the district court's docket sheet, which is our only record of the period in question, reveals a total of six continuances over the course of the revocation proceeding.

Fed. R. Crim. P. 32.1(a)(2), which governs revocation hearings, requires a hearing "within a reasonable time." The Advisory Committee Notes provide that "what constitutes a reasonable time must be determined on the facts of the particular case."

Although not entitled to the full panoply of rights attendant to a criminal prosecution, a defendant facing the possible revocation of supervised release is entitled to some due process protections. See United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992); cf. Morrissey v. Brewer, 408 U.S. 471, 480-82 (1972) (parole revocation). In assessing the constitutional significance of delay in disposing of revocation petitions, one of our sister circuits has looked for guidance to Barker v. Wingo, 407 U.S. 514 (1972), where the Supreme Court enunciated a balancing test to determine whether a defendant has been denied his Sixth Amendment right to a speedy trial. See United States v. Rasmussen, 881 F.2d 395, 398 (7th Cir. 1989) (probation revocation); United States v. Scott, 850 F.2d 316, 319-20 (7th Cir. 1988) (probation revocation). The factors to be considered, according to Barker v. Wingo, supra, are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. See 407 U.S. at 530.[1]

Here, appellant complains about the delay occasioned by the continuances granted by the district court, a period of only two and one-half months. Contrary to appellant's contention, not all of the continuances appear to have been granted

---

[1]    The Scott court added a fifth factor, which they found relevant in the context of probation revocation hearings: "the reason why the probationer is in custody." 850 F.2d at 320.

at the government's behest. Two, according to the district court docket sheet, appear to have been granted at appellant's request. See docket entries at 2/28/96 and 3/1/96. Furthermore, appellant concedes in his brief that he only objected to one of the six continuances. See Appellant's Br. at 8. Although it appears that some portion of the delay may have been caused by the government's inadequate preparation of its case, see docket entries at 1/18/96 and 2/8/96, there is no evidence in the record that the government delayed in bad faith or in pursuit of some tactical advantage. Finally Appellant was not incarcerated during the period of delay, and makes no allegation that the delay compromised his ability to defend against the charges. Under these circumstances, we cannot find that the delay in concluding appellant's hearing was unreasonable or a violation of appellant's due process rights.

Appellant also contends that he was denied due process as a result of allegedly inadequate notice of the charges against him. He claims that, although he was served with a copy of the original petition, the charges were changed several times by the probation officer and further refined by the judge and the petition was never amended to reflect the changes. After careful review, we find nothing in the record before us to support a conclusion that the charges against appellant were changed during the course of the revocation proceeding. In the

petition, appellant was clearly charged with violation of the reporting condition by his failure to report truthfully his income during the course of supervision.

Next, appellant challenges the district court's authority to extend his term of supervised release. Noting that his term was scheduled to expire prior to the conclusion of the revocation hearing, appellant maintains that the district court extended his term indefinitely during the course of that proceeding and thereby deprived itself of the authority to extend his term for what he characterizes as "a second time" at the conclusion of the proceeding. We need not address this argument, because nothing in the record before us supports appellant's contention that the court extended his term a first time during the course of the revocation proceeding.[2] The court's power to extend a term of supervised release under 18 U.S.C. § 3583(e)(2) is clear.[3]

---

[2] Action by the district court to preserve its jurisdiction in this situation is unnecessary. <u>See</u> 18 U.S.C. § 3583(I) (1996) ("The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and . . . a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if [as was the case here], before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."); <u>United States v. Morales,</u> 45 F.3d 693, 701 (2d Cir. 1995) ("most likely purpose of [18 U.S.C. § 3583(I)] was to make absolutely clear Congress' earlier intention that sentencing courts have the authority to hold hearings to revoke or extend supervised release after expiration of the original term if they issue a summons or warrant during the release period").

[3] 18 U.S.C. § 3583(e)(2) (1996) provides that the court may, after

(continued...)

Appellant also makes the assertion, without argument or citation to authority, that the district court had no authority to include, as a condition of his extended term of supervision, the requirement that he pay the remaining $31,313.29 due in restitution. We disagree. Although the record before us does not include a copy of appellant's judgment of conviction and sentence, both parties have represented that restitution was imposed in this case as part of appellant's original sentence. As such, it was clearly authorized under 18 U.S.C. § 3551(b) (1985), 18 U.S.C. § 3556 (1996), and 18 U.S.C. § 3663(a)(1) (1996).[4]

---

[3](...continued)
considering certain factors,

> extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

[4]    18 U.S.C. § 3551(b) (1985), involving authorized sentences for individuals, provides in relevant part that "[a] sanction authorized by section . . . 3556 may be imposed in addition to the sentence required by this subsection."

18 U.S.C. § 3556 (1996) provides that "[t]he court, in imposing a sentence on a defendant who has been found guilty of an offense may order restitution in accordance with sections 3663 and 3664."

18 U.S.C. § 3663(a)(1) (1996) provides that "[t]he court, when sentencing a defendant convicted of an offense under this title . . . may order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to any victim of such an offense."

It was presumably made a condition of his supervised release pursuant to 18 U.S.C. § 3663(g) (1996), which provides that "if [a defendant, ordered upon conviction to pay restitution,] is . . . sentenced to a term of supervised release . . . , any restitution ordered under this section shall be a condition of such . . . supervised release." Id. The extension of appellant's term of supervised release pursuant to 18 U.S.C. § 3583(e)(2) in no way affected the continued viability of this order of restitution, cf. United States v. Webb, 30 F.3d 687, 690 (6th Cir. 1994) (holding that even revocation of supervised release does not affect the obligation to pay restitution, where restitution was part of the sentence of conviction rather than imposed simply as a discretionary condition of supervised release), and the district court did not exceed its authority in continuing to require payment of restitution as a condition of appellant's supervised release.

Finally, appellant challenges what he characterizes as the district judge's "lack of neutrality," claiming that the judge "constantly referred to the probation officers as members of his staff and made it clear he was upholding the integrity of his staff." Appellant's Br. at 14. The record supports no such characterization. Appellant is correct that the judge did on at least one occasion refer to the probation officer as "the Court's arm," Tr. at 107, but this in no way establishes a due process claim of judicial bias, see Fero v. Kerby, 39 F.3d 1462, 1478 (10th Cir. 1994) (requiring a showing of either actual bias or an appearance

of bias so substantial as to create a conclusive presumption of actual bias), <u>cert. denied</u>, 115 S. Ct. 2278 (1995).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge