**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAY L. DAVIS, JR.,

    Defendant-Appellant.

No. 02-7095

---

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. 02-CR-19-S)**

---

Submitted on the Briefs:

Ray L. Davis, Jr., pro se.

Sheldon J. Sperling, United States Attorney, and Dennis A. Fries, Assistant United States Attorney, Muskogee, Oklahoma, on brief for Plaintiff-Appellee.

---

Before **SEYMOUR**, **MURPHY** and **O'BRIEN**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

Mr. Davis was found guilty and fined $150.00 by a magistrate judge for two petty offenses: unauthorized engaging in business activities on Army Corps of Engineers project lands, 36 C.F.R. § 327.18 (a), and unauthorized mooring of a vehicle at an unapproved mooring site, 36 C.F.R. § 327.3(h).[1] The district court affirmed Mr. Davis' convictions and he now appeals *pro se*. He first contends the Corps of Engineers' failure to post the regulations under which he was found guilty renders his convictions invalid. He also asserts he was directed by the trial court to attend pretrial conferences *pro se*, contrary to Federal Rule of Criminal Procedure 17.1, prejudicing him and resulting in an unfair trial. Because Mr. Davis is proceeding *pro se*, we liberally construe his brief. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). We nonetheless affirm the district court, although on slightly different grounds.

**I**

Mr. Davis runs a boat and jet ski rental service near Hochatown State Park,

---

[1] Section 327.18(a) provides that "[t]he engaging in or solicitation of business on project land or waters without the express written permission of the District Commander is prohibited." Section 327.3(h) provides in pertinent part that "[v]essels shall not be attached or anchored to structures such as locks, dams, buoys or other structures unless authorized by the District Commander." The penalty for violating these regulations is set out in 36 C.F.R. § 327.25, which provides that "[a]ny person who violates the provisions of the regulators in this part . . . may be punished by a fine of not more than $5,000 or imprisonment for not more than six months or both . . . ."

located on Broken Bow Lake, Oklahoma. The lake and park are United States property administered by the Army Corps of Engineers, which has leased the property to the Oklahoma Tourism and Recreation Department. On July 3, 2001, after personally using one of his pontoons on the lake, Mr. Davis moored it along the shoreline overnight, with the intent to deliver it to a rental customer the following morning. The next morning he also unloaded two jet skis onto the lake, again in anticipation of renting them to customers. Later that morning, at his place of business located a short distance from the lake, he rented the pontoon and one of the jet skis to customers. In the course of these activities, Mr. Davis received two citations from Corps of Engineers park ranger Clifford Citty for the unauthorized mooring of the pontoon and for engaging in unauthorized business activities on the lake. Mr. Davis pled not guilty to both charges. Proceeding *pro se* at trial before a magistrate judge, Mr. Davis was found guilty of both violations. Following the district court's affirmation of his convictions, Mr. Davis brought this appeal.

## II

Mr. Davis first alleges his convictions should be overturned because the regulations under which he was found guilty were not posted.[2] The regulations

---

[2]Testimony at trial confirmed the regulations at issue were not posted in any manner. Rec., vol. II at 34.

were promulgated in relevant part under the authority of 16 U.S.C. § 460d and 33 U.S.C. § 1. Section 460d states in pertinent part:

> The Chief of Engineers, under the supervision of the Secretary of the Army, is authorized to construct, maintain, and operate public park and recreational facilities at water resource development projects under the control of the Department of the Army . . . . [S]uch projects shall be open to public use generally for boating, swimming, bathing, fishing, and other recreational purposes . . . all under such rules and regulations as the Secretary of the Army *may* deem necessary . . . .

16 U.S.C. § 460d (emphasis added). Section 1 reads "[i]t *shall* be the duty of the Secretary of the Army to prescribe such regulations for the use, administration, and navigation of the navigable waters of the United States . . . . Such regulations *shall* be posted, in conspicuous and appropriate places . . . ." 33 U.S.C. § 1 (emphasis added). Finally, the regulation directing the Corps of Engineers to establish restrictions at water projects provides "[t]he District Commander [of the Corps of Engineers] *may* establish and post a schedule of visiting hours and/or restrictions on the public use of a project or portion of a project." 36 C.F.R. § 327.12(a) (emphasis added).

In his appeal to the district court, *see* 18 U.S.C. § 3402, Mr. Davis argued the language of 33 U.S.C. § 1 commands that the regulations under which he was convicted be posted and the failure of the Corps of Engineers to do should result in a reversal of his convictions. In the absence of any direct authority to support his argument, Mr. Davis referred to 40 U.S.C. § 318(a), which dictates that rules

and regulations promulgated by the General Services Administration for activities on government property "shall be posted and kept posted in a conspicuous place on such property." 40 U.S.C. § 318(a) (current version at 40 U.S.C.A. § 1315(c)(1) (West Supp. 2003)). He further relied on case law interpreting this section, which indicates that the failure to conspicuously post regulations could result in the reversal of a defendant's conviction. *See United States v. Strakoff*, 719 F.2d 1307, 1310 (5th Cir. 1983) (reversal of conviction required where regulations barring individual from bringing weapons into federal courthouse were not posted at building entrance in compliance with posting requirements); *United States v. Boyer*, 935 F. Supp. 1138, 1142 (D. Colo. 1996) (defendant's motion to dismiss charges granted where regulations were posted in glass case in locked office).

The district court rejected Mr. Davis' attempt to analogize the above cases to the regulations at issue here after concluding no "mandatory language exists with respect to regulations under 36 C.F.R. § 327." Rec. vol. I, doc. 15 at 4. The court did not address whether the mandatory language in 33 U.S.C. § 1 controlled the permissive language in the regulations. We review a "district court's interpretation of federal statutes and regulations *de novo*." *United States v. 162 MegaMania Gambling Devices*, 231 F.3d 713, 718 (10th Cir. 2000). *See also Eastern Inv. Corp. v. United States*, 49 F.3d 651, 657 (10th Cir. 1995).

Prior to April 2000, the regulations governing Mr. Davis' conviction were promulgated under the authority of 16 U.S.C. § 460d, which spoke in permissive terms regarding the establishment of rules and regulations and made no mention of the posting of such regulations. In 2000, however, 36 C.F.R. § 327 was amended to add 33 U.S.C. § 1 as authority for the promulgation of these regulations. *See* Public Use of Water Resources Development Projects Administered by the Chief of Engineers, 65 Fed. Reg. 6896, 6898 (Feb. 11, 2000). Neither the proposed 2000 rule amendments nor commentary to the final rule indicated the reason for this addition. Had Mr. Davis been convicted under the regulations prior to April 2000, the district court's conclusion that posting the regulations was not mandatory would have been wholly accurate. But the belated inclusion of 33 U.S.C. § 1 as statutory authority for the regulations in this case muddies waters that might otherwise be clear.

Section 1 mandates regulations shall be posted for the "use, administration, and navigation of the *navigable waters* of the United States . . . ." 33 U.S.C. § 1 (emphasis added). However, in arguing the regulations in this case had to be posted pursuant to 33 U.S.C. § 1, Mr. Davis failed to proffer any evidence establishing that Broken Bow Lake constitutes navigable waters, nor did he request the district court to make such a determination.

"The question of navigability . . . is a federal question and has been defined

by decisions of the federal courts." *United States v. Harrell*, 926 F.2d 1036, 1040 (11th Cir. 1991) (citing *Utah v. United States*, 403 U.S. 9, 10 (1971)). Moreover, determining navigability is a question of fact to be made by a district court. *See Utah v. Marsh*, 740 F.2d 799, 801 (10th Cir. 1984) (question whether lake was navigable and therefore affected interstate commerce was factual question to be determined in evidentiary hearing). *See also Lykes Bros., Inc. v. United States Army Corps of Eng'rs*, 64 F.3d 630, 633 (11th Cir. 1995) (appellate court affirmed district court's factual finding that creek was not navigable); *Yankton Sioux Tribe of Indians v. Nelson*, 683 F.2d 1160, 1163 (8th Cir. 1982) ("The question of navigability should first be determined by the district court."); *Mundy v. United States*, 22 Cl. Ct. 33, 34 (1990) ("Navigability is question of fact, and the burden of proof is on the party asserting navigability."). In the absence of any assertion by Mr. Davis or factual determination made by the district court regarding the navigability of Broken Bow Lake, we are constrained from addressing whether the regulations at issue here were required to be posted pursuant to 33 U.S.C. § 1.

Regardless of whether the regulations had to be posted, we are not precluded from affirming the district court's decision to uphold Mr. Davis' convictions. "[A]n appellate court will affirm the rulings of the lower court on any ground that finds support in the record, even where the lower court reached

its conclusions from a different or even erroneous course of reasoning." *Cayce v. Carter Oil Co.*, 618 F.2d 669, 677 (10th Cir. 1980). *See also V-1 Oil Co. v. Means*, 94 F.3d 1420, 1423 (10th Cir. 1996). We hold Mr. Davis' convictions must stand because he had actual notice his activities were in violation of the regulations.

Whether actual notice satisfies a potential posting requirement has received scant attention from the courts, and we have found no case in which the issue was specifically raised in terms of regulations regarding boating and business activities on Corps of Engineers projects. However, at least one court has held a defendant's actual notice of regulations satisfies a mandatory posting requirement.

In *United States v. Holdsworth*, 990 F. Supp. 1274 (D. Colo. 1998), the court noted "[t]he rationale of requiring posting is to provide notice to a person coming onto the property." *Id.* at 1278 (citing *Boyer*, 935 F. Supp. at 1141-42). In *Holdsworth*, the defendant was charged with violating a regulation banning disturbances on property overseen by the General Services Administration. *Id.* at 1277. This regulation was promulgated pursuant to 40 U.S.C. § 318a, mandating "rules and regulations shall be posted . . . ." *Id.* In challenging his conviction, the defendant noted that no evidence was provided at trial establishing the regulation under which he was convicted was properly posted. While the court

acknowledged "the posting requirement was an integral part of a prosecution under § 318a," *id*. at 1278 (quotation and citation omitted), it analyzed "whether 'posting' can be done in a different fashion." *Id.* The court noted that the defendant had received correspondence from a Federal Protection Service agent informing him that his actions were causing a disturbance on federal property, and that he might be charged with violating the regulations if his behavior continued. *Id.* at 1276, 1278. The court concluded the agent's letter constituted actual notice to the defendant, thereby satisfying the purpose of the posting requirement of 40 U.S.C. § 318a. *Id.* at 1278. *See also Strakoff*, 719 F.2d at 1310 (where regulations not adequately posted, conviction could not stand "absent any showing that [defendant] did in fact have notice of the proscriptions."). We agree and hold that actual knowledge of a regulation satisfies a **potential** posting requirement.

Our conclusion is bolstered by related cases holding that a party can be held criminally liable under an unpublished regulation where the party has actual knowledge of its terms. *See, e.g., United States v. Ventura-Melendez*, 321 F.3d 230, 233-34 (1st Cir. 2003) (citing cases); *United States v. F/V Alice Miranda*, 987 F.2d 1078, 1084-85 (4th Cir. 1993); *United States v. Aarons*, 310 F.2d 341, 346 (2d Cir. 1962).

In the instant case, the record reflects that Mr. Davis had actual notice his

activities on Broken Bow Lake could subject him to prosecution under the regulations. Testimony admitted at trial indicated Mr. Davis had received verbal warnings and correspondence from the Corps of Engineers and the Oklahoma Parks and Tourism Department that his business practices and mooring of boats was illegal. *See* rec., vol. II at 8-9, 10, 19. Ranger Citty testified that Mr. Davis admitted he had received this correspondence, and that Mr. Davis presented at least one of these items to the prosecution during negotiations prior to trial. *Id*. at 22, 25. Mr. Davis himself testified to receiving correspondence from the Broken Bow lake manager informing Mr. Davis that if he rented boats or jet skis to others for use on the lake, his customers had to tow the equipment to the lake themselves. *Id.* at 40. Mr. Davis also admitted as evidence a letter he had received from one of the park managers regarding his activities. *Id.* at 42. Mr. Davis' own admissions, coupled with the other evidence presented at trial, make clear that he had actual knowledge of the regulations and that lake management officials considered his actions to be illegal. Consequently, we decline to overturn Mr. Davis' convictions.[3]

_____

[3]We also reject the contention by Mr. Davis that he was selectively prosecuted. In order to prevail on this defense, a defendant must prove first, that he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him; and second, that the Government's selection of him for prosecution was

(continued...)

## III

We next address Mr. Davis' contention that his convictions should be overturned because the magistrate judge ordered him to attend two pretrial discovery conferences, even though he was proceeding *pro se*. Specifically, Mr. Davis argues the judge's order was contrary to the mandate in Federal Rule of Criminal Procedure 17.1, as then applicable, that pretrial conferences shall not occur where a defendant is not represented by counsel, and that his appearance without counsel caused him prejudice resulting in an unfair trial. The district court rejected this argument, concluding the pretrial discovery conferences at issue here were not implicated by Rule 17.1. "Interpretation of the Federal Rules

---

[3](...continued)
invidious or in bad faith and was based on impermissible considerations such as race, religion, or the desire to prevent the exercise of constitutional rights.

*United States v. Salazar*, 720 F.2d 1432, 1487 (10th Cir. 1983). *See also United States v. Dukeheart*, 687 F.2d 1301, 1303 (10th Cir. 1982) ("Selective prosecution or enforcement is not unconstitutional if the selection is not based deliberately on an unjustifiable categorization such as race and religion."). Here, Mr. Davis failed to show he was issued a citation while others similarly situated to him were not also charged. At trial, Ranger Citty testified he would have issued citations for other boats moored near Mr. Davis' if he determined the boat owners, like Davis, had placed their boats there and left the park to sleep elsewhere for the night. Ranger Citty did not so determine, and hence only issued a citation to Mr. Davis. Therefore, Mr. Davis cannot contend he was treated differently from those similarly situated to him. Nor did he present any evidence indicating the government's prosecution against him was based on an unconstitutionally impermissible consideration. The district court was correct to reject Mr. Davis' selective prosecution contention.

of Criminal Procedure is a legal issue subject to de novo review." *United States v. Roman-Zarate*, 115 F.3d 778, 781 (10th Cir. 1997).

Prior to the time Mr. Davis was tried by the magistrate judge, Rule 17.1 stated that it should "not be invoked in the case of a defendant who is not represented by counsel." FED. R. CRIM. PRO. 17.1, 39 F.R.D. 69 (1966) (amended 2002).[4] Generally, the rule allows the parties or the court to move for a pretrial conference "after the filing of [an] indictment or information . . . to consider such matters as will promote a fair and expeditious trial." *Id.* The rule also implies the court will be present during the course of the conference, noting that "[a]t the conclusion of a conference the court shall prepare and file a memorandum of the matters agreed upon." *Id.*

We are persuaded the pretrial meetings which Mr. Davis attended did not fall within Rule 17.1. First, Mr. Davis was not brought before the magistrate judge after the filing of an indictment or information. Instead, he received two citations from Ranger Citty, more appropriately placing this action under the ambit of Federal Rule of Criminal Procedure 58.[5] Second, the two pretrial

---

[4]The rule was amended, effective December 1, 2002, to permit pretrial conferences where a defendant chooses to proceed *pro se*.

[5]"This rule governs the procedure and practice for the conduct of proceedings involving misdemeanors and other petty offenses . . . ." FED. R. CRIM. PRO. 58(a)(1), 129 F.R.D. 557 (1990) (amended 2002). "In proceedings concerning petty offenses for which no sentence of imprisonment will be imposed

(continued...)

conferences at issue here did not occur before the court, nor were they scheduled to consider matters to promote a fair and expeditious trial. Rather, the parties met outside of the court's presence with the intent to avoid trial by working out a plea bargain as well as to provide Mr. Davis with his discovery requests. Rule 17.1 was not implicated, and Mr. Davis may not invoke it in an attempt to overturn his convictions.

Accordingly, we **AFFIRM** Mr. Davis' conviction. Appellant's motion to proceed in forma pauperis is granted.

---

[5](...continued)
the court may follow [other provisions of the Federal Rules of Criminal Procedure] as it deems appropriate . . . ." *Id.* (a)(2). "The trial of a misdemeanor may proceed on an indictment, information, or complaint or, in the case of a petty offense, on a citation or violation notice." *Id.* (b)(1). The amendments to Rule 58 which became effective December 1, 2002, are not implicated in Mr. Davis' case.