**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GRETCHEN LYNN HULL,

      Plaintiff-Appellant,

v.

STATE OF NEW MEXICO
TAXATION AND REVENUE
DEPARTMENT'S MOTOR VEHICLE
DIVISION,

      Defendant-Appellee.

No. 05-2263
(D.C. No. CIV-05-464 LH/WDS)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR,** and **McCONNELL**, Circuit Judges.

---

Gretchen Hull, proceeding *pro se*, appeals the district court's dismissal of

her civil rights action for failure to state a claim upon which relief can be granted.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We exercise jurisdiction under 28 U.S.C. § 1291, and liberally construe Ms. Hull's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). We affirm the district court's dismissal of Ms. Hull's case, although on slightly different grounds.

Ms. Hull brought a civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary damages from the State of New Mexico Taxation and Revenue Department's Motor Vehicle Division, as well from Barbara Romero, who served as head of the Motor Vehicle Division Licensing Section. Ms. Hull claimed defendants unlawfully suspended her driver's license, thereby violating her rights to due process and equal protection under the law. The State filed a motion to dismiss for failure to state a claim, contending defendants were not "persons" under § 1983. The State subsequently asserted that even if Ms. Hull were suing Ms. Romero in her individual capacity for her official acts as head of the Licensing Section, thereby potentially permitting the case against Romero to go forward, the action would nonetheless be barred by the statute of limitations. The district court dismissed Ms. Hull's action on the ground that neither Ms. Romero nor the State were "persons" for § 1983 purposes.

We review a district court's dismissal *de novo*. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1153 (10th Cir. 2004). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot

prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). We are at liberty to "affirm the rulings of the lower court on any ground that finds support in the record, even where the lower court reached its conclusions from a different or even erroneous course of reasoning." *Cayce v. Carter Oil Co.*, 618 F.2d 669, 677 (10th Cir. 1980); *see also United States v. Davis*, 339 F.3d 1223, 1227 (10th Cir. 2003); *V-1 Oil Co. v. Means*, 94 F.3d 1420, 1423 (10th Cir.1996).

It is well established that arms of the state, or state officials acting in their official capacities, are not "persons" within the meaning of § 1983 and therefore are immune from § 1983 damages suits. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Ms. Hull's action for damages under § 1983 against a state agency, and a state employee in her official capacity, are not permissible. Consequently, the district court did not err in dismissing Ms. Hull's action against the state agency and Ms. Romero in her official capacity.

The question remains whether Ms. Hull also sued Ms. Romero in her individual capacity. In the caption to her *pro se* complaint, Ms. Hull listed the State of New Mexico Taxation and Revenue Department Motor Vehicle Division as the defendant. Rec., doc. 1 at 1. In the body of her complaint, she also listed

Barbara Romero, head of the Licensing Section of the Motor Vehicle Division, as a defendant. *Id.* In response to the State's argument in its motion to dismiss that Ms. Romero was not a "person" for § 1983 purposes, Ms. Hull correctly noted that pursuant to *Hafer v. Melo*, 502 U.S. 21 (1991), state actors can be deemed "persons" under § 1983 when sued in their *individual* capacities for damages arising from their official acts. *Id.* at 23.

The district court liberally read Ms. Hull's complaint to include Ms. Romero as a defendant, but it nonetheless concluded Ms. Hull sued Ms. Romero only in her official capacity. Ms. Hull's complaint does not specifically indicate whether she was suing Ms. Romero in her official or individual capacity. Because she is proceeding *pro se*, we give her the benefit of that doubt. *See Brady v. Smith*, 656 F.2d 466, 469 (9th Cir. 1981) (court liberally construes pleadings of party proceeding *pro se* as asserting claims against named defendants in both their official and individual capacities). So construed, Ms. Hull's complaint against Ms. Romero was not subject to dismissal on the ground that Ms. Hull had not fully satisfied the "person" requirement of § 1983.

Nonetheless, having reviewed Ms. Hull's complaint, and having treated as true her pleaded facts and drawn all reasonable inferences in her favor, *see Hous. Auth. of the Kaw Tribe of Indians of Okla. v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991), we conclude her action is time barred, therefore warranting

dismissal for failure to state a claim. According to the facts pled in Ms. Hull's complaint, her licence was suspended in New Mexico on July 2, 1997. Additional records filed with our court also suggest Ms. Hull learned of the suspension about eight months later, in April 1998. Her complaint against Ms. Romero is based on allegations that her drivers license would not have been wrongfully suspended had Ms. Romero properly investigated to determine that Ms. Hull was not the owner-driver of the vehicle involved in the automobile accident. Ms. Romero filed this civil rights action on April 25, 2005, nearly seven years after the alleged harm and at least six years since she claimed she learned of the harm.

Pursuant to *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), civil rights actions brought under § 1983 are subject to the applicable state statute of imitations for personal injury actions. In New Mexico, "[a]ctions must be brought . . . for an injury to the person . . . within three years." N.M. STAT. § 37-1-8 (1978). *See also Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir.), *aff'd* 471 U.S. 261 (1985) (three year statute of limitation for § 1983 actions in New Mexico). Regardless of whether the limitations period for Ms. Hull's claim began to run in July 1997 or April 1998, the time for filing her claim against Ms. Romero has long since expired. Ms. Hull has therefore failed to state a claim upon which relief can be granted.

Accordingly, we **AFFIRM** the dismissal of Ms. Hull's case.

SUBMITTED FOR THE COURT


Stephanie K. Seymour
Circuit Judge