**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KENDALL ROSSEL SWENSON,

    Defendant-Appellant.

No. 07-4138
(D.C. No. 2:03-CR-135-PGC)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Kendall Rossel Swenson is a state prisoner serving time in a Utah facility after his 2007 convictions for burglary, criminal mischief, theft, and receipt of stolen property. Because he was on federal supervised release at the time of his state conviction, Mr. Swenson contends that he is in "primary federal custody" and seeks to be brought before the federal district court for a prompt preliminary hearing on the violation of his federal parole. The district court denied Mr.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Swenson's motion for a hearing because he is, in fact, currently in state custody. We affirm.

* * *

Mr. Swenson was convicted of one count of attempted bank larceny, in violation of 18 U.S.C. § 2113(a), in the United States District Court for the District of Utah in 2003. He was sentenced to 27 months in prison, plus 36 months of supervised release. His prison sentence was to run concurrently with a state sentence, arising out of a conviction in state court on related crimes, pursuant to which he was already incarcerated. In January 2006, Mr. Swenson was released from prison and began serving his federal supervised release.

While on supervised release, Mr. Swenson was arrested in Logan, Utah and convicted in Cache County court in 2007 of two counts of burglary, two counts of criminal mischief, one count of theft, two counts of theft by receipt of stolen property, and one count of the manufacture or possession of burglary tools. Mr. Swenson is currently in the Utah State Prison system serving his sentences for those crimes.

In the action now before us, Mr. Swenson sought relief, in the form of a hearing pursuant to Federal Rule of Criminal Procedure 32.1(a), from the federal district court in which he was sentenced in 2003. The district court dismissed his claims for a hearing because Mr. Swenson, by the time of his motions, was "not presently in federal custody on a charge of violating probation or supervised

release conditions." The district court pointed out that Mr. Swenson was "admittedly in state custody serving a state prison sentence on a state conviction."

\* \* \*

Rule 32.1(a) provides that one "held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 32.1(a). The district court, as the sentencing court, retained jurisdiction over questions related to the terms of Mr. Swenson's supervised release, and we have jurisdiction over its final decision dismissing his motions for a hearing. *See* 18 U.S.C. § 3583; 28 U.S.C. § 1291; *United States v. Lawson*, 108 F.3d 341 (Table), 1997 WL 82479, at \*1, \*3 & n.2 (10th Cir. 1997). We review the district court's interpretation of and compliance with the Federal Rules of Criminal Procedure *de novo*. *United States v. Cereceres-Zavala*, --- F.3d ----, 2007 WL 2421755, at \*2 (10th Cir. 2007); *United States v. Davis*, 339 F.3d 1223, 1229 (10th Cir. 2003).

Even construing Mr. Swenson's *pro se* pleadings liberally, as we must, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), we are obliged to affirm. Like the district court, we conclude that the admitted fact that Mr. Swenson is currently serving a state sentence for his state crimes means that he is in state custody. Rule 32.1(a)

entitles only those currently in federal custody to a hearing, and the fact that Mr. Swenson is not in federal custody ends our inquiry.[1]

We affirm.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[1] Even assuming that, after his arrest in Logan, Utah and prior to his Cache County conviction, Mr. Swenson was detained for some period of time due *solely* to a federal detainer – a determination we are unable to make conclusively on the record before us – and even assuming that such a detention required a sentence revocation hearing, the moment Mr. Swenson was convicted of a state crime and began serving his sentence, he was properly in the custody of the state of Utah and that claim was rendered moot.