FILED
United States Court of Appeals
Tenth Circuit

**January 24, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GENE AUTREY BURRIS, SR.,
individually and as a business, d/b/a
Customer Development Service,

　　　　Plaintiff - Appellant,

　　v.

UNITED STATES DEPARTMENT
OF JUSTICE, FBI Oklahoma City
Division; SAMUEL J. MACALUSO,
Officer (ASAC); SALVADOR
HERNANDEZ, Officer (SAC); JOHN
P. MABRY, Officer (CDC);
RICHARD C. A. SMITH, Officer
(SA); WILLIAM W. WEAVER,
Officer (SA); WILLIAM A. LARSH,
Officer (SSA),

　　　　Defendants - Appellees.

No. 07-6181

W.D. Okla.

(D.C. No. 07-CV-50-HE)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

　　After examining the briefs and appellate record, this panel has determined

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Gene Autrey Burris, Sr., appearing *pro se,*[1] appeals from the dismissal of his claims against the Federal Bureau of Investigation (FBI) and six of its employees.  We affirm.

## I. BACKGROUND

The record reveals multiple attempts by Burris to have the FBI and Department of Justice investigate and criminally prosecute the entities he named as defendants in a state court personal injury case.[2]  After reviewing his materials, the FBI informed Burris it does not investigate civil matters and an Assistant United States Attorney for the Western District of Oklahoma informed him his allegations did not give rise to a violation of federal criminal law.  The Department of Justice informed Burris his allegations did not involve a federal civil rights law it was authorized to enforce and therefore it would take no further action.  The FBI, Assistant United States Attorney and Department of Justice separately advised Burris he should seek the advise of a private attorney because

---

[1]  We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]  In addition to requesting criminal prosecution, Burris' letters to officials at the Department of Justice and FBI included several pages of quotations from *The Bible* and the movie *The Hurricane*.

he risked being barred by the statute of limitations on any potential civil claims. The Department of Justice went so far as to provide the addresses and phone numbers of the Oklahoma Bar Association and a legal aid service in Burris' area.

Because the agencies did not act according to his wishes, Burris brought suit against the FBI and six current or former employees in the agency's Oklahoma City office. In his initial complaint, Burris cited to a newspaper article from *The Daily Oklahoman* which featured a story about a civil rights case.[3] Based on the newspaper article, Burris alleged the defendants violated his civil rights and unlawfully discriminated against him by failing to comply with its official policies and customs. He claimed the Department of Justice and FBI violated his civil rights through inaction. Burris did not, however, identify which of his federal civil rights were allegedly violated.

On April 9, 2007, the defendants filed a motion to dismiss the complaint. The district court, pursuant to the local rules, gave Burris eighteen days (until April 27, 2007) to oppose the motion or have it be deemed confessed. *See* W.D. Okla. LCvR 7.1(g) (motion practice). Even though Burris failed to timely respond, the district court considered the merits of the defendants' motion. It

_____

[3] The newspaper article appears to refer to this Court's decision in *Crownover v. City of Lindsay, Okla.*, 229 F.3d 1162 (10th Cir. 2000) (unpublished table decision) ("To establish municipal liability, a plaintiff must show 'that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution or were carried out by an official with final policy making authority with respect to the challenged action.'" (quoting *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000)).

liberally construed Burris' complaint, but dismissed it by order dated May 24, 2007, because he failed to identify an alleged constitutional violation or plead facts supporting an identifiable claim. *See* Fed. R. Civ. P. 12(b)(6). The court explained that although Burris was not required to plead specific legal theories, he was required to provide the defendants with notice of the basis of his claims and had failed to do so. It did not address the other grounds for dismissal urged by the defendants.

On June 12, 2007, Burris filed a motion to extend the time to file a response to the defendants' motion to dismiss claiming he never received a copy of it. The district court denied Burris' motion, but granted him leave to amend his complaint. Burris filed an amended complaint but again did not identify a constitutional claim or plead facts to support one. After liberally construing Burris' amended complaint, the court *sua sponte* dismissed it.

Burris then filed a motion requesting a three-judge panel pursuant to 28 U.S.C. § 2284[4] and Rule 9.1 of the Local Civil Rules. In a separate filing, Burris asserted a three-judge panel was necessary because the defendants failed to follow various local civil rules and the district court conspired with the defendants to violate his right to a fair trial. The district court denied the motion because the

---

[4] Section 2284 calls for a district court of three judges when "required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."

statute did not authorize a three-judge panel for the claims asserted by Burris.

Subsequently, Burris filed a second complaint and notice requesting a three-judge panel, and a response to the district court's order dismissing his amended complaint. The court made a docket entry on July 24, 2007, indicating the action had been dismissed and nothing further should be filed except for pleadings associated with an appeal. Burris filed a notice of appeal on August 1, 2007.

## II. DISCUSSION

A. <u>Motion to Dismiss</u>

We construe Burris' request that "this Honorable Court would restore and reopen [his] closed case in its entirety" to be an appeal from the district court's dismissal of his complaint. Our review of a district court's dismissal for failure to state a claim is de novo. *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007). "We may uphold the grant of a motion to dismiss if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 168-69, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citation omitted). Burris' complaint and amended complaint failed to meet these basic requirements. Neither filing identifies which of his civil rights were allegedly violated or an evidentiary basis for the alleged violations.

B. <u>Motion for a Three-Judge Panel</u>

We also construe the scattered allegations in Burris' appellate brief concerning the denial of his motion for a three-judge panel to be an appeal from that decision. "We review a district court's interpretation of federal statutes and regulations de novo." *United States v Davis*, 339 F.3d 1223, 1226 (10th Cir. 2003) (quotation omitted). Burris has "neither challenged the apportionment of any congressional districts or statewide legislative bodies nor alleged any facts for which an applicable congressional act would require the convening of a three-judge district court." *Tillett v. Lujan*, 931 F.2d 636, 642 (10th Cir. 1991). The

district court did not err in failing to grant Burris' motion to convene a three-judge district court.

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge