FILED
United States Court of Appeals
Tenth Circuit

September 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDALL ROSSEL SWENSON,

Defendant - Appellant.

No. 09-4025

(D. Utah)

(D.C. No. 03-CR-00135-TS-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Kendall Rossel Swenson was initially convicted of one count of attempted bank larceny, in violation of 18 U.S.C. § 2113(a), in

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

federal district court in Utah in 2003.[1]  He was sentenced to twenty-seven months'

imprisonment, followed by three years of supervised release.  In January 2006,

Mr. Swenson was released from prison and began serving his federal supervised

release.

While on supervised release, Mr. Swenson was arrested in Logan, Utah, and

charged with various state law counts of burglary, criminal mischief, theft, theft

by receipt of stolen property, and manufacture or possession of burglary tools.

Mr. Swenson was released on bail twice by state authorities.  When a Utah state

court reinstated Mr. Swenson's bail on September 12, 2006, he nevertheless

continued to be held in jail based upon a federal supervised release violator

warrant that was lodged as a detainer.

On October 19, 2006, Mr. Swenson  was convicted of those state law

crimes and placed in the Utah State Prison system to serve his sentences for them.

The court directed all counts to run concurrently and, as the court explained in its

---

[1]Many of the facts recited in this case are taken from the decision of our
court affirming the Utah federal district court's denial of Mr. Swenson's request
for a hearing pursuant to Fed. R. Crim. P. 32.1(a).  United States v. Swenson, 250
Fed. Appx. 838, 2007 WL 2962375 (10th Cir. Oct. 10, 2007).  Rule 32.1(a)
provides that one "held in custody for violating probation or supervised release
must be taken without unnecessary delay before a magistrate judge."  We
affirmed the district court's denial of a hearing on the ground that "the admitted
fact that Mr. Swenson is currently serving a state sentence for his state crimes
means that he is in state custody.  Rule 32.1(a) entitles only those currently in
federal custody to a hearing, and that fact that Mr. Swenson is not in federal
custody ends our inquiry."  Id., 250 Fed. Appx. at 839-40, 2007 WL 2962375, at
**2.

subsequent order disposing of Mr. Swenson's motion to amend the original sentence, judgment and commitment, it particularly directed that the "state's case is not to run consecutive to any proceedings by the Federal authorities and that this sentence can be served concurrent at any applicable Federal institution or the Utah State Prison." Order at 2, R. Vol. 1 at p.30.

Apparently as early as October 2006, Mr. Swenson filed a motion before the federal district court asking the court to appoint him counsel and conduct a timely supervised release violation hearing, pursuant to Fed. R. Crim. P. 32.1. On May 20, 2007, Mr. Swenson filed another *pro se* motion in the federal district court, again asking for a timely revocation hearing. On June 16, 2007, the district court denied his motion, without determining whether he was primarily in the custody of federal or state authorities when he was "released" on bail by state authorities on September 12, 2006, but remained in custody pursuant to the federal detainer.[2] Our court affirmed that denial. Swenson, 250 Fed. Appx. 838.

Upon completion of those state sentences, Mr. Swenson was paroled into federal custody on September 2, 2008, pursuant to the federal detainer. On September 23, 2008, Mr. Swenson admitted to the supervised release violations, which consisted of the state convictions which led to his Utah prison sentences. Prior to his sentencing for those supervised release violations, Mr. Swenson argued that the federal authorities had obtained primary custody over him when

---

[2]See note 1, supra.

-3-

the state "released" him on bail on September 12, 2006 (but he remained in custody pursuant to the federal detainer), and that he should therefore receive credit for time served in federal custody, starting on September 12, 2006. Although the district court recognized that part of Mr. Swenson's state jail time could be considered to have taken place while he was in federal custody, the court declined to give Mr. Swenson credit for that jail time. Accordingly, on January 13, 2009, the district court sentenced Mr. Swenson to one year and one day of imprisonment.

Mr. Swenson filed two further *pro se* requests before the district court relating to his sentence. The first, filed in February 2009, asked the district court to "amend [his] recent sentence, designating the Utah State Prison as the federal facility for the service of [his] sentence of 1-year and 1-day." Request at 1. The district court denied Mr. Swenson's request, stating:

> 18 U.S.C. § 3682(b) states that "[t]he Bureau of Prisons shall designate the place of the prisoner's confinement." The Tenth Circuit has explained that § 3621(b) gives the Bureau of Prisons the primary authority to determine the facility where a prisoner should be placed. Further, the Supreme Court has held that federal prisoners generally enjoy no constitutional right to placement in any particular institution. Based on this, the Court finds that it lacks the authority to mandate Defendant's placement at a particular facility.

Mem. Dec. & Order at 1-2 (citing Prows v. Fed. Bureau of Prisons, 981 F.3d 466, 468 n.3 (10th Cir. 1992)) (footnote omitted). Mr. Swenson's second *pro se* petition requested an order granting him credit towards his federal sentence for

the six months he spent in the Cache County jail while he was "on bail" for the state indictments but also subject to the federal detainer. The district court again denied Mr. Swenson's request, stating:

> 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." The Bureau of Prisons ("BOP") has long been responsible for computing sentence credit under § 3585(b). "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." Until the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for Court review, and the Court lacks jurisdiction.

United States v. Swenson, No. 2:03-CR-135TS, 2009 WL 2477257, at *1 (D. Utah, Aug. 12, 2009) (unpublished). This appeal followed.

Mr. Swenson's appointed counsel, Deirdre Gorman, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Mr. Swenson has filed a one-page response agreeing with his attorney that "[n]o procedural errors occurred when Judge Stewart sentenced [him] on January 13, 2009," that "any appeal of that sentence would be 'frivolous,' and that [his] attorney should be allowed to withdraw." Letter 7/28/09. The government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own careful review of the record. For the reasons set forth below, we agree with Ms. Gorman and Mr. Swenson that the

record in this case provides no nonfrivolous basis for an appeal, and we therefore grant Ms. Gorman's motion to withdraw and dismiss this appeal.

The only conceivable challenge Mr. Swenson could make would be to his sentence. "We review sentences for reasonableness under a deferential abuse of discretion standard." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 591 (2007)). "Reasonableness review is comprised of a procedural component and a substantive component." Id. Procedural unreasonableness occurs "if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." Id. A sentence is substantively unreasonable if its length "is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." Id.

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after

> such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744). As indicated, Mr. Swenson has submitted a filing in which he states his agreement with his counsel that any appeal is frivolous, and the government has declined to respond.

We agree with counsel and Mr. Swenson that there is no nonfrivolous issue related to Mr. Swenson's sentence which could form the basis for an appeal. As counsel concedes, "[n]o procedural errors occurred during Mr. Swenson's sentencing." Appellant's Br. at 6. At sentencing, the district court noted that the Guidelines recommended a sentence of eighteen to twenty-four months. The court considered the arguments of both Mr. Swenson and the government: on the one hand, that Mr. Swenson's work situation was currently stable and that he had made efforts to "deal with his drug problem," Tr. of Supervised Release Sentencing at 8, R. Vol. 3, and, on the other hand, that he had violated his supervised release in a "significant fashion." Id. at 9. The court rejected the government's argument that eighteen months was an appropriate sentence.

The court also acknowledged Mr. Swenson's argument that his federal custody should have started on September 12, 2006, when state authorities granted him release on bail, but he nonetheless remained incarcerated because of the federal detainer, and he therefore should have been sentenced to "time served"

-7-

or at least received some credit for that time towards his federal sentence. The court observed:

> [T]he Court does not agree . . . that the two years that the defendant spent in state custody was in effect federal custody. The Court believes that issue was settled by the Tenth Circuit. The Court, however, does believe that that period of time from September 2006 on, that roughly six to seven months when he arguably could have been in federal custody, that is not for this Court to decide. . . .
>
> . . .
>
> I will leave it up to [Mr. Swenson's counsel] to argue with the Bureau of Prisons that that six or seven months was federal custody and presuming that they give him credit for it, the sentence he will serve will be a rather short sentence. . . .
>
> . . .
>
> [T]he Court still believes the sentence of one year and one day is the appropriate sentence. Whether or not he will have served that partially or not will have to be determined by the Bureau of Prisons.

Id. at 8-10.

As Mr. Swenson's counsel states, Mr. Swenson's "main concern . . . is . . . his ability to receive credit against his sentence for the 'six or seven months' that the district court properly recognized as being federal custody while Mr. Swenson was in the Cache County jail." Appellant's Br. at 7. This issue does not, however, provide any basis for a nonfrivolous argument on appeal. As everyone acknowledges, our court in Mr. Swenson's prior direct appeal characterized Mr. Swenson's status as that of one in state custody during the relevant time period. See Swenson, 250 Fed. Appx. at 839-40. We further stated that:

-8-

> Even assuming that, after his arrest in Logan, Utah and prior to his Cache County conviction, Mr. Swenson was detained for some period of time due *solely* to a federal detainer–a determination we are unable to make conclusively on the record before us–and even assuming that such a detention required a sentencing revocation hearing, the moment Mr. Swenson was convicted of a state crime and began serving his sentence, he was properly in the custody of the state of Utah and that claim was rendered moot.

Id. at 840 n.1. Accordingly, while there may have been some indeterminate period of time when he may have been in "federal custody," he clearly was in state custody once he was convicted of the state crimes and while he served his state sentences. And to the extent Mr. Swenson argues that he should have been given some credit for that indeterminate period of time against his federal sentence, any such credit determination is properly made in the first instance by the Bureau of Prisons, not the sentencing court. See United States v. Wilson, 503 U.S. 329, 335-36 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge