**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUOSHENG XIAN,

Defendant - Appellant.

No. 22-1030
(D.C. No. 1:19-CR-00084-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **EID**, **EBEL**, and **KELLY**, Circuit Judges.
_____

Huosheng Xian appeals his mandatory minimum sentences for crimes related

to his participation in a conspiracy to manufacture and distribute large quantities of

marijuana.  Xian contends that the district court clearly erred in finding that he did

not satisfy the requirements of the statutory safety valve for mandatory minimum

sentences.  We hold that Xian is ineligible for the statutory safety valve because, as

we explained in *United States v. Zhong*, Xian did not disclose to the government

information sufficient to establish his mens rea for the crimes of which he was

convicted, and therefore did not provide "all information and evidence" he had

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"concerning the . . . offenses" of conviction, as required by 18 U.S.C. § 3553(f)(5). ___ F.4th ____ (10th Cir. 2024) (slip op., at 12–14). Accordingly, we affirm the district court.

We resolve this case using the same material facts as we considered in our concurrently-filed opinion in *Zhong*, ___ F.4th at ____ (slip op., at 2–7), and for the same reasons we explained in that case. Accordingly, we repeat the facts and reasoning only to the extent necessary to explain the disposition of Xian's appeal.

As we explained in *Zhong*, "a defendant seeking safety-valve relief must 'truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct,'" and must do so before the defendant's sentencing hearing. ___ F.4th at ____ (slip op., at 8) (quoting 18 U.S.C. § 3553(f)(5)). The statutory requirement to provide "'all information' means 'all information.'" *Id.* at ____ (slip op., at 17). A defendant's state of mind is among the information "the defendant has," § 3553(f)(5), so the requirement "includes a defendant's mens rea." ___ F.4th at ____ (slip op., at 15, 17). Safety-valve relief may not be granted "when to do so would directly undermine the jury's verdict," so a defendant must provide, at a bare minimum, information sufficient to demonstrate that he had the mens rea of his crime of conviction. *Id.* at ____ (slip op., at 9) (internal quotation marks and alteration omitted).

Xian did not provide the government with information sufficient to prove his mens rea for the crimes of which he was convicted. In order to satisfy the

2

requirements of § 3553(f)(5), Xian and his co-defendant, Zhong, provided the government with a joint proffer letter and joint written addendum prior to sentencing. In those written materials, Xian provided information sufficient to prove that he had the mens rea of negligence—that he "knew or most definitely should have known" that he was participating in a criminal marijuana-trafficking conspiracy.  R. Vol. II (sealed) at 58.  However, a jury convicted Xian of participating in the conspiracy not only "knowingly," but also "intentionally," and "voluntarily," "with the intent to advance its purposes."  R. Vol. I at 183, 189–90, 199.  Likewise, a jury convicted Xian of intentional conduct on two other counts.  *See, e.g.*, *id.* at 183–84, 192, 196, 199, 200.  Furthermore, for the reasons we explained in *Zhong*, Xian's admission that the "knew *or* should have known" that he was living for free in exchange for his assistance is sufficient only to show negligence—not knowledge, and not the higher mens rea of each of his crimes of conviction.  R. Vol. II (sealed) at 58; *see Zhong*, ___ F.4th at ____ (slip op., at 12–14) (citing *United States v. Kalu*, 791 F.3d 1194, 1208 (10th Cir. 2015)).  Xian did not provide in his proffer letter or addendum information sufficient to show purpose or intent.

As we explained in *Zhong*, for the district court to conclude that Xian "provided the government with all the information [he] had concerning [his] offenses of conviction" would have contradicted the jury's finding that he "did possess the necessary mens rea for each count," namely, "intent."  ___ F.4th at ____ (slip op., at 14).  Xian "cannot have disproved by a preponderance of the evidence what the jury found true beyond a reasonable doubt."  *Id.*  Therefore, "it was not clearly erroneous

3

for the district court to conclude that [Xian] failed to provide the Government with all the information [he] had concerning the offense of conviction." *Id.* at ____ (slip op., at 15). The district court therefore did not clearly err in concluding that he did not qualify for safety-valve relief.

Xian makes several distinct arguments that the district court otherwise clearly erred in denying safety-valve relief. First, he argues that the district court erred by conflating Zhong's statements, actions, and credibility with Xian's. He also argues that the district court improperly considered whether Xian was truthful about why he came to the United States, because he contends it was irrelevant to his offenses. Furthermore, Xian disputes several of the inconsistencies the district court found in his proffer and addendum, namely: the vague information Xian provided regarding Xian's debt to another member of the marijuana-growing conspiracy; the lack of detail in the proffer letter regarding Xian's and Zhong's payment of utility bills at their residence; inconsistencies about where Xian and Zhong lived when they took certain actions to further the conspiracy; and discrepancies regarding the number of trash bags full of marijuana they moved. Finally, Xian argues that the district court improperly found him not to be credible when he testified that he did not know which door in his house led to the basement where marijuana was growing. Xian contends that each of these purported errors provides a basis to reverse the district court's denial of safety-valve relief.

However, we need not reach Xian's claims of error. As we explained in *Zhong*, "'[e]ven where the lower court reached its conclusions from a different or

4

even erroneous course of reasoning,' this Court 'will affirm the rulings of the lower court on any ground that finds support in the record,' and the record here requires us to affirm the district court." ___ F.4th at ____ (slip op., at 15–16) (quoting *United States v. Davis*, 339 F.3d 1223, 1227 (10th Cir. 2003)).  Xian is ineligible for safety-valve relief for the reason explained in *Zhong* and repeated above:  he did not provide the Government with all information concerning his offenses of conviction.  None of the purported errors identified by Xian absolve him of his obligation to provide such information under § 3553(f)(5).  Accordingly, the district court did not clearly err in denying Xian safety-valve relief.

**AFFIRMED.**

Entered for the Court

Allison H. Eid
Circuit Judge